# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLIVER C. BROWN | : | CIVIL ACTION NO. 3:CV-18-1266 |
| Plaintiff | : | |
| v. | : | (Judge Munley) |
| PRIME CARE MEDICAL CO., *et al*, | : | FILED SCRANTON |
| Defendants | : | OCT 15 2018 |

## MEMORANDUM

## I. Background

Plaintiff, Oliver Brown, an inmate at the State Correctional Institution, Camp Hill (SCI-Camp Hill), Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Along with the filing of his complaint, Brown has submitted an application requesting leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 2). Named as Defendants are Prime Care Medical Company and the York County Prison. (Doc. 1). For the reasons set forth below, the instant complaint will be dismissed, without prejudice, pursuant to 28 U.S.C.

§1915(e)(2)(B)(ii), and Plaintiff will be given an opportunity to file an amended complaint.[1]

In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed.R.Civ.P. 12(b)(6). The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008). Detailed factual allegations are not required, *id.* at 231 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, and factual allegations "that are 'merely consistent with' a defendant's liability" are not enough. *Ashcroft v. Iqbal*, 556 U.S.662, 677 (2009). "[M]ore than labels and conclusions" are required. *Twombly*, 550 U.S. at 555.

---

[1] Section 1915(e)(2) provides that:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## II. Factual Allegations

Plaintiff's complaint states in toto:

> I went to a kidney appointment January 29, k2017, found out I had stage 4 kidney disease and was post (sic) to go back the following month. I receive a letter 4 months later stating why I have not been back for my appointment.

(Doc. 1). For relief, Plaintiff states that "cause it is a serious matter concerning [his] health [he] would like to get 25,000." *Id.*

## III. Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

A §1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *see also Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir.1977) (parole Board could not be sued because it is not a person within the meaning of § 1983). A prison or correctional facility is also not a

"person" within the meaning of § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir.1973); *Philogene v. Adams County Prison*, Civ. No. 97-0043, slip op. at p. 4 (M.D.Pa. Jan. 30, 1997) (Rambo, C.J.); *Sponsler v. Berks County Prison*, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D.Pa. Feb.28, 1995).

It has been similarly recognized that a department within a prison "may not be sued under 42 U.S.C. § 1983 since it is not a person." *Fischer*, 474 F.2d at 992.; *see also Thompkins v. Jane Doe*, No. 99-3941, slip op. at 2-3 (3d Cir. March 16, 2000); *Stanley v. Delaware Co. Medical Dept.*, 1991 WL 29928 *1 (E.D.Pa. Feb.27, 1991) (prison medical department clearly not a person for purposes of § 1983).

Pursuant to the above standards, Prime Care Medical Company and the York County Prison are not proper Defendants. Thus, these Defendants will be dismissed.

In the context of medical care, while the relevant inquiry is whether defendants were: (1) deliberately indifferent (the subjective element) to (2) plaintiff's serious medical needs (the objective element), *Monmouth County Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987), the plaintiff must meet the requirements of the inquiry. Here, Plaintiff has failed to indicate how the named Defendants were deliberately indifferent to his medical needs.

Thus, it appears that the Plaintiff, in an amended complaint, would better describe any personal involvement in the alleged misdeed, and an amended complaint may be filed once as of right before an answer is filed. See Fed. R. Civ. P. 15. It is necessary and important to allow the Plaintiff to amend his complaint so that the issues raised in this litigation may be decided fully on their merits. See *Weaver v. Wilcox*, 650 F.2d 22, 27-28 (3d Cir. 1981); *Kauffman v. Moss*, 420 F.2d 1270, 1275-76 (3d Cir.), cert. denied, 400 U.S. 846 (1970). The Plaintiff's conclusory claims of denial of medical treatment may be amended under penalty of dismissal. If no proper amended complaint is filed within the prescribed time, this action may be dismissed.

The amended complaint "must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198. Federal Rule of Civil Procedure 8(a) requires that a complaint consist of a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) one or more claims showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader. The short, plain, and concise statement of claim must " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests'." *Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

An appropriate Order will issue.

        **BY THE COURT:**

        **s/James M. Munley**
        **JUDGE JAMES M. MUNLEY**
        **United States District Judge**